UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL B. FLEMING,<br><br>                 Plaintiff,<br><br>          v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,[1]<br><br>                 Defendant. | No.: CV-12-59-EFS<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 14 & 16. Plaintiff Michael B. Fleming appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 6. Mr. Fleming contends the ALJ failed to fully consider the opinions of his treating and examining sources and therefore the ALJ's determination that he has the psychological ability to work is unsupported by the record. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this lawsuit. No further action need be taken to continue this lawsuit. 42 U.S.C. § 405(g).

ORDER - 1

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Mr. Fleming's motion and grants the Commissioner's motion.

**A.   Statement of Facts[2]**

At the time of the administrative hearing, Mr. Fleming was fifty-three years old. ECF No. 11 at 28. He was not present at the administrative hearing because he was incarcerated at the Spokane County Jail. *Id.* at 43, 111.

Mr. Fleming attended mainstream courses at school but he dropped out of school in the tenth grade. *Id.* at 23. Records show that Mr. Fleming was employed from 1973-80, 1984, 1988-89, and 1993-94 in some capacity. *Id.* at 122.

**B.   Procedural History**

In April 2010, Mr. Fleming filed for Supplemental Security Income benefits (hereinafter, "claim for benefits"), alleging an onset of disability beginning February 1, 2005, due to alcohol abuse, diabetes, depression, Borderline Intellectual Functioning, antisocial personality disorder, and a history of polysubstance dependence. ECF No. 11 at 115-21. His claim for benefits was denied, *id.* at 63-66, and his request for reconsideration of that denial was denied, *id.* at 70-75. Mr. Fleming then requested an administrative hearing, which was held on September 16, 2010, before ALJ Marie Palachuk. *Id.* at 41-60, 76. At

---

[2] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

ORDER ~ 2

the hearing, the alleged onset date was amended to April 16, 2010. *Id.* at 19. On May 20, 2011, the ALJ denied Mr. Fleming's claim for benefits, determining that notwithstanding Mr. Fleming's non-exertional limitations he had the capacity to perform medium-exertional work as an industrial cleaner, a production helper, and a laundry worker. *Id.* at 16-34. The Appeals Council thereafter denied Mr. Fleming's request for review. *Id.* at 1-6, 14-15.

On January 23, 2012, Mr. Fleming filed this lawsuit, claiming the ALJ's decision is not supported by substantial evidence. ECF Nos. 1 & 6. On September 13, 2012, Mr. Fleming filed his Motion for Summary Judgment, ECF No. 14, and on October 29, 2012, the Commissioner filed her Motion for Summary Judgment, ECF No. 16.

**C.   Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima*

ORDER - 4

*facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D. Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir.

ORDER - 5

1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.  Analysis**

Mr. Fleming contends the ALJ failed to properly consider the opinions of his treating and examining sources (Paul Martin, M.A., Dr. John Arnold, and Dr. David Deutsch) and therefore the ALJ erroneously determined Mr. Fleming retains the psychological ability to perform medium-exertional work. Below the Court addresses each medical provider.

As to Paul Martin, M.A., ECF No. 11 at 323-30, the ALJ gave little weight to his opinions for the following four reasons: 1) "[Department of Social and Health Services (DSHS)] regulations are different than those relied upon by the Agency," 2) Mr. Martin used a "check box" form to identify the majority of Mr. Fleming's limits without offering specific clinical or objective findings to support those limits, 3) he failed to "differentiate between the psychological symptoms and those of substance abuse effect," and 4) he is not an "acceptable medical source" as defined in 20 C.F.R. § 516.913(a). *Id.* at 27. Mr. Fleming contends

ORDER - 6

these four reasons are unsupported by the record. The Court disagrees. First, the ALJ properly considered the differences between the DSHS regulations and the social security regulations and how those differences impact the basis for Mr. Martin's opinions. Second, while Mr. Martin supplemented his check-the-box-format opinions with written comments, his comments were often based solely on his observations of Mr. Fleming or on Mr. Fleming's statements during the evaluation. In regard to his opinion that Mr. Fleming is markedly limited in his "[a]bility to maintain appropriate behavior in a work setting," the "Your observation" comment states, "Mr. Fleming says he tried to get along with people, but he isn't into "Be-Bop" and doesn't like loud mouth people." *Id.* at 326. This comment is based simply on Mr. Fleming's own statement; there is no other information in Mr. Martin's report that supports an objective finding that Mr. Fleming is markedly limited in his ability to maintain appropriate behavior in a work setting. In fact, other aspects of Mr. Martin's report do not support this "marked" limitation, including the statements: 1) "This man has some ability to work some jobs, but doesn't deal with stress; he used to hold his stress inside and go get drunk," *id.* at 326, and 2) "Inmate says that sometimes he needs mental health treatment and sometimes he doesn't. He needs to stay clean and sober. If he does he should be allright [sic]," *id.* at 327. Therefore, the ALJ appropriately concluded that Mr. Martin's check-the-box limitation findings were not supported by clinical or objective findings. The Court also finds the ALJ's conclusion that Mr. Martin failed to "differentiate between

ORDER - 7

psychological symptoms and those of substance abuse effect" is supported by the record.  Finally, the Court finds the ALJ appropriately identified Mr. Martin as not an acceptable medical source under 20 C.F.R. § 416.913(a).  And notwithstanding the ALJ's recognition that Mr. Martin is not listed as an acceptable medical source, the ALJ still appropriately considered Mr. Martin's opinions and then discredited them for the identified reasons.

As to Dr. John Arnold, the Court also finds the ALJ's decision to discredit Dr. Arnold's opinions is supported by substantial evidence. The ALJ recognized that Dr. Arnold's opinions regarding a rule-out psychotic disorder were unsupported given that there was no prior medical record supporting a symptom of auditory hallucinations by Mr. Fleming and it was medically unlikely that such symptoms would appear so suddenly.  The ALJ also discussed that Dr. Arnold's moderate-limit findings were largely based on Mr. Fleming's self-reports regarding his limitations and symptoms.  The record is sufficient to justify the ALJ's finding that Mr. Fleming is not a credible historian or reporter.

As to Dr. David Deutsch, he completed a Certification for Medicaid ("Certification") on August 4, 2010.  The Certification simply states:

> 53 yr old male with Adjustment [Disorder] with Depressed Mood. Personality [Disorder] with antisocial and paranoid features. Borderline Intellectual Functing.  GAF 57.  Duration Duration not listed but appears Longter.  Meets listing 12.04 12.08. FSIQ 70.

ECF No. 11 at 414 (misspellings in original).  Mr. Fleming highlights the ALJ failed to explain why she rejected Dr. Deutsch's opinion that Mr. Fleming's impairments meet the listing criteria for affective

ORDER - 8

disorders or personality disorders. However, the ALJ need not address each particular piece of evidence or medical opinion in her order. The ALJ's order sufficiently identifies that she concluded, "[Mr. Fleming] has reported whatever he felt was necessary at the time to achieve his goals. He appears to have misled various medical providers and exaggerated and manufactured symptoms on an as needed basis." ECF No. 11 at 26. The ALJ's denial of benefits is supported by substantial evidence and she need not explain why she did not credit Dr. Deutsch's conclusory statements on the Certificate. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence.") (internal quotation removed).

**F.  Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Mr. Fleming does not qualify for benefits. For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Fleming's Motion for Summary Judgment, **ECF No. 14**, is **DENIED.**

2. The Commissioner's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED.**

3. **JUDGMENT** is to be entered in the Commissioner's favor.

///

//

/

ORDER - 9

4.   The case shall be **CLOSED.**

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 3rd day of September 2013.

                          s/Edward F. Shea
                           EDWARD F. SHEA
                Senior United States District Judge

Q:\EFS\Civil\2012\0059.social.sec.lc1.docx

ORDER - 10